IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AOUS JARRAR,

    Petitioner,                    No. CIV S-09-1684 FCD GGH P

    vs.

RONALD BARNES,

    Respondent.                  FINDINGS & RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding with counsel for a writ of habeas corpus. The petition raises one claims of ineffective assistance of counsel. The instant petition was filed on June 17, 2009, two days prior to the expiration of the one year statute of limitations. The ineffective assistance of counsel claim is not exhausted and petitioner requests a protective stay of the instant proceedings to exhaust the claim in state court.

        In <u>Rhines v. Weber</u>, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), the Supreme Court held that a district court has discretion to stay a mixed petition to allow a petitioner to present his unexhausted claims to the state court in the first instance and then to return to federal court for review of his perfected petition.

        Nevertheless, stay and abeyance is available only in limited circumstances, because the procedure frustrates the AEDPA's objective of encouraging finality by allowing a

1

petitioner to delay the resolution of federal proceedings and undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. Id. at 1535.  The Supreme Court held that a stay and abeyance is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id.

Unlike the petitioner in Rhines, the petitioner here has presented a completely unexhausted petition, rather than a mixed petition.  Thus, the petition before this court cannot constitute a "protective" petition as discussed in Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (citing Rhines, 544 U.S. at 278.)  As discussed in Pace, the protective stays referred to in Rhines involved a "mixed" petition, meaning that the petition included both exhausted and unexhausted claims.  The filing of the federal petition protects the petitioner's ability to, ultimately, timely seek relief on the exhausted claims and the claims yet to be exhausted in the state system.  The Court in Pace discussed the merits of granting a stay to allow petitioner to return to state court to exhaust those claims that remained unexhausted rather than denying without prejudice a petition that included exhausted claims. Rhines v. Weber, 544 U.S. 269, 278, 125 S.Ct. 1528, 161 L.Ed.2d 440; Pace v. DiGuglielmo, 544 U.S. at 416.  The basis of that Court's ruling was premised on the fact that the petition was "mixed," not completely unexhausted.[1]

Here, the court is not presented with a "mixed" petition.  Petitioner has not exhausted the single claim now raised in this petition.[2]  Accordingly, the stay and abeyance

---

[1] Neither would petitioner qualify for stay and abeyance under the Ninth Circuit's alternative procedure. See King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) citing Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).  Under that procedure, a petition may be stayed by deleting the unexhausted claims in filing an amended exhausted petition while the unexhausted claims are pursued in state court. However, this procedure requires the existence of at least one exhausted claim as well.

[2] Petitioner states that the facts did not become available to file a state petition until May 2009.  Petitioner may have a valid argument for a different triggering of the statute of limitations or equitable tolling, however this is not the proper time to raise this issue and the court makes no judgment as to the strength of that argument.

procedure is unavailable.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's July 9, 2009, motion to stay (# 8) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 3, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

jarr1684.sta